Filed 6/1/23  In re Luke S. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re LUKE S., a Person Coming Under the Juvenile Court Law. | B311414 (Los Angeles County Super. Ct. No. 20CCJP00148A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. MAGDALENA S., Defendant and Appellant. | SECOND ORDER MODIFYING OPINION (No change in the appellate judgment) |

THE COURT:

It is ordered that the opinion filed herein on May 30, 2023 is modified as follows:

On page 1, the Los Angeles Superior Court case number, which appears as 21CCJP00148A, is changed to 20CCJP00148A.

The modification order filed on May 31, 2023 is vacated. This order does not change the appellate judgment.

_____

PERLUSS, P. J.           SEGAL, J.           FEUER, J.

Filed 5/31/23 In re Luke S. CA2/7 (first modification)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re LUKE S., a Person Coming Under the Juvenile Court Law. | B311414<br><br>(Los Angeles County Super. Ct. No. 20CCJP00148A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAGDALENA S.,<br><br>    Defendant and Appellant. | ORDER MODIFYING OPINION<br>(No change in the appellate judgment) |

THE COURT:

It is ordered that the opinion filed herein on May 30, 2023 is modified as follows:

On page 1, the Los Angeles Superior Court case number, which appears as 21CCJP00148A, is changed to 20CCJP001481A.

This order does not change the appellate judgment.

_____
PERLUSS, P. J.        SEGAL, J.        FEUER, J.

Filed 5/30/23  In re Luke S. CA2/7 (unmodified opinion)
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re LUKE S., a Person Coming Under the Juvenile Court Law. | B311414<br><br>(Los Angeles County Super. Ct. No. 21CCJP00148A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MAGDALENA S.,<br><br>      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Juvenile Court Referee. Dismissed as moot.

Roni Keller, under appointment by the Court of Appeal for Defendant and Appellant.

Rodrigo A. Castro-Silva and Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

_____

Magdalena S., the mother of then 14-year-old Luke S., appealed the juvenile court's jurisdiction findings and disposition order declaring Luke a dependent child of the court and releasing him to Magdalena under the supervision of the Los Angeles County Department of Children and Family Services. While Magdalena's appeal was pending, the juvenile court terminated its jurisdiction and issued a juvenile court custody order granting Magdalena sole legal and physical custody of Luke. At the request of the Department, we dismissed the appeal as moot.

The Supreme Court granted Magdalena's petition for review and subsequently transferred the matter to us with directions to vacate our prior order and reconsider the cause in light of *In re D.P.* (2023) 14 Cal.5th 266. (*In re Luke S.* (Apr. 19, 2023, S273262.) We have done so. Because we can provide no effective relief to Magdalena—that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status'" (*In re D.P.*, at p. 277)—her appeal is moot. And after considering the factors identified in *In re D.P.*, we decline to exercise our discretion to consider a moot appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

The juvenile court on August 21, 2020 sustained an amended petition pursuant to Welfare and Institutions Code section 300, subdivisions (a) (serious physical harm inflicted nonaccidentally) and (b)(1) (failure to protect), alleging Luke was

2

at substantial risk of serious physical harm based on Magdalena's physical abuse of her wife's two children and emotional abuse of one of those children.[1]  At the disposition hearing on March 16, 2021 the court declared Luke a dependent child of the court, released him to Magdalena under the supervision of the Department and ordered family maintenance services for Magdalena, including parenting classes and conjoint counseling.

Magdalena appealed the jurisdiction findings and disposition order.  In her opening brief filed October 8, 2021 Magdalena argued the juvenile court's jurisdiction findings were not supported by substantial evidence and its disposition order constituted an abuse of discretion.  Explaining that Earle S., who was found to be Luke's presumed father, had reported he had Choctaw ancestry and was a registered member of the tribe, Magdalena also argued the Department's notices to the Choctaw tribes had numerous errors and omissions and, accordingly, the juvenile court had erred by prematurely finding there was no reason to know Luke was an Indian child within the meaning of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).

At a review hearing held the same day as Magdalena filed her opening appellate brief, the juvenile court terminated its jurisdiction and issued a juvenile court custody order granting Magdalena sole legal and physical custody of Luke with monitored visitation for Earle.  Magdalena did not appeal the October 8, 2021 orders.

---

[1]      The original dependency petition was filed in early January 2020.

3

On December 20, 2021 the Department moved to dismiss Magdalena's appeal as moot in light of the orders terminating dependency jurisdiction and awarding Magdalena sole legal and physical custody of Luke. The Department argued, under the circumstances, this court could not provide Magdalena any effective relief.

On December 27, 2021 Magdalena filed an opposition to the motion to dismiss, contending the stigma and potential collateral consequences of adverse jurisdictional findings, which she argued "forever falsely besmirch a parent's reputation," created a justiciable controversy notwithstanding the termination of dependency jurisdiction. Her opposition did not address the fact the disposition orders were no longer in effect or that, because Luke had been returned to Magdalena and dependency jurisdiction terminated, any error in a premature ICWA finding was of no significance.

Neither Magdalena nor the Department filed a supplemental brief, as permitted by California Rules of Court, rule 8.200(b), following the Supreme Court's transfer of the case to us for reconsideration in light of *In re D.P.*, *supra*, 14 Cal.5th 266.

## DISCUSSION

1. In re D.P.: *Moot Dependency Appeals and Our Discretion To Decide Them*

The Supreme Court in *In re D.P.*, *supra*, 14 Cal.5th 266 explained the mootness doctrine and confirmed it applied to dependency appeals: "A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot

4

affect the matter in issue in the case before it.'" [Citation.] A case becomes moot when events "'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Id.* at p. 276.)

In *In re D.P.*, the juvenile court had terminated its jurisdiction without issuing any order that continued to impact the parents. (*In re D.P.*, *supra*, 14 Cal.5th at p. 277.) In that context, the Court held, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status. Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Ibid.*) The Court gave as examples of nonmoot challenges to jurisdiction findings cases in which a jurisdiction finding affected parental custody rights, curtailed a parent's contact with his or her child or resulted in disposition orders that continued to adversely affect a parent. (*Id.* at pp. 277-278.) The Court expressly held, disapproving contrary case law, that "speculative future harm" is not sufficient to avoid mootness. (*Id.* at p. 278.)[2]

---

[2]     Specifically addressing the appellant father's argument that the challenged jurisdiction finding of neglect could result in

5

Despite its reaffirmation of the applicability of the mootness doctrine to dependency appeals, the Supreme Court emphasized that, even when a case is moot, courts may exercise their "inherent discretion" to reach the merits of the dispute. (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.)  That discretion, the Court explained, is generally exercised only when the case presents an issue of broad public interest that is likely to recur, when there may be a recurrence of the controversy between the parties or when a material question remains for the court's determination.  (*Ibid.*)

Nevertheless, because features of dependency proceedings tend to make appeals prone to mootness problems, the Court, without intending to be exhaustive, identified several additional factors for the courts of appeal to evaluate when deciding whether discretionary review of a moot case may be warranted outside of those instances.  (*In re D.P.*, *supra*, 14 Cal.5th at pp. 284-286.)  First, a court may analyze whether the challenged jurisdiction finding could potentially impact the current or future dependency proceedings, for example, by influencing the child

his inclusion in California's Child Abuse Central Index (CACI) (Pen. Code, § 11170), which carries several legal consequences, the Supreme Court noted that, when a child protective agency forwards a substantiated report of abuse or neglect to the California Department of Justice for inclusion in CACI, it must provide written notice to the person whose conduct was reported. (*In re D.P.*, *supra*, 14 Cal.5th at p. 279.)  Absent evidence in the record that any such report had been submitted or a showing that the type of neglect allegation at issue in the case ("general neglect," rather than "severe neglect") was even reportable, the Court held, "Father's CACI claim is too speculative to survive a mootness challenge."  (*Id.* at p. 280.)

protective agency's decision to file a new dependency petition or the juvenile court's determination about further reunification services.  (*Id.* at p. 285.)  Second, a court may take into account the nature of the allegations against the parent:  "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may consider whether the case became moot due to prompt compliance by parents with their case plan:  "It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid.*)

> 2. *Discretionary Review of This Moot Appeal Is Not Warranted*

As discussed, when opposing the Department's motion to dismiss the appeal, Magdalena focused primarily on the stigma she asserted accompanied the juvenile court's jurisdiction findings—a factor the Supreme Court held was insufficient to sustain an appeal.  (*In re D.P.*, *supra*, 14 Cal.5th at p. 277.) Magdalena also generally described several potentially negative consequences that might flow from adverse jurisdiction findings, the type of speculative future harm the Court also held was insufficient to avoid mootness.  (*Id.* at p. 278.)

Exercise of our discretionary authority to consider the merits of Magdalena's moot appeal is not warranted.  Although the misconduct in this case involved the nonaccidental infliction of physical harm (Welf. & Inst. Code, § 300, subd. (a)), not only a failure to protect (§ 300, subd. (b)), the findings involving Magdalena were not egregious; and Magdalena will be able to explain in any future dependency or family law proceedings that

the juvenile court released Luke to her care at the disposition hearing, reflecting the judgment that Magdalena did not pose a continuing risk to her child.

No other factor justifies reaching the merits of this moot appeal. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 286 ["no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal"].) Nearly two years elapsed between the filing of the original petition and the court's order terminating jurisdiction. This was not a case that became moot because of the parent's prompt compliance with a case plan. Nor does Magdalena's fact-specific appeal present an issue of broad public interest. (See *In re Rashad D.* (2021) 63 Cal.App.5th 156, 159 [fact-specific question whether the mother's current circumstances created a substantial risk of serious physical harm to her young son is the type of issue presented to appellate courts multiple times every year]; *In re M.C.* (2011) 199 Cal.App.4th 784, 802 [same].)

## DISPOSITION

The appeal is dismissed as moot.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

8